**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| | ) | Civil Action No. 06-0096 (HHK) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S EXPEDITED MOTION FOR RELIEF FROM
THE COURT'S ORDER OF FEBRUARY 16, 2006**

Defendant the Department of Justice ("DOJ" or the "Department") hereby seeks relief

from the Court's Memorandum Opinion and Order, dated February 16, 2006.  That Order

requires defendant to "complete processing EPIC's December 16, 2005, FOIA requests and

produce or identify all responsive documents within 20 days of the date of [that] order," i.e.,

March 8, 2006, and further requires "DOJ to provide EPIC with a document index and

declaration, as specified in Vaughn v. Rosen, 484 U.S. 820 (D.C. Cir. 1973), stating its

justification for the withholding of any documents responsive to EPIC's request within 30 days of

the date of [that] order," i.e., March 20, 2006.  As further described herein, defendant has been

diligent in attempting to fulfill its obligations under FOIA and will be able to comply with certain

portions of that Order within the time frames described therein.  Defendant seeks relief, however,

from certain other portions of that Order.

Specifically, by March 8, 2006, defendant will have completed processing virtually all

unclassified documents responsive to EPIC's FOIA request,[1] and will release any non-exempt documents identified as a result of this processing effort. By March 20, 2006, defendant will provide EPIC with a document index identifying those unclassified documents that have been withheld along with the FOIA exemption(s) that justifies their withholding. This effort will complete the FOIA response in its entirety from two of the four Department components that are the recipients of EPIC's request, the Office of the Attorney General and the Office of Legal Policy. Additionally, with the one exception described in note 1, supra, this will comprise a complete response with respect to the unclassified documents maintained by the remaining two components, the Office of Intelligence and Policy Review ("OIPR") and the Office of Legal Counsel ("OLC").

Notwithstanding this diligent effort, as described in the accompanying classified declarations of James A. Baker, Counsel to OIPR, and Steven G. Bradbury, Acting Assistant Attorney General for OLC,[2] it is not practicable to complete the processing of those classified documents that have been identified as potentially responsive to EPIC's FOIA request within the time frame directed by the Court in its Order of February 16, 2006. As the Court recognized in its Order, the Court may extend the deadlines imposed therein where "the agency presents credible evidence that disclosure within such time period is truly not practicable." Order at 13. Moreover, FOIA always provides the Court with the authority to extend deadlines where the agency provides evidence that it is "exercising due diligence in exceptional circumstances." See Order at 13 n. 8 (citing 5 U.S.C. § 552(a)(6)(C)(i)-(iii)); see also The Wilderness Soc'y v.

---

[1]  The one exception, as described in the classified Declaration of James A. Baker, is certain potentially responsive unclassified documents maintained by OIPR.

[2]  These declarations are classified and have been provided to the Court through a Court Security Officer authorized to handle classified information.

U.S. Dept. of the Interior, 2005 WL 3276256, at *6 (D.D.C. 2005) (Kollar-Kotelly, J.)

("circumstances, such as . . . the amount of classified material, [and] . . . the resources being

devoted to the declassification of classified material of public interest . . . are relevant to a court's

determination as to whether exceptional circumstances exist").

      Because the classified declarations provided by Mr. Baker and Mr. Bradbury contain the

required evidence, defendant respectfully requests that the Court extend the deadlines contained

in its February 16, 2006, Order so as to take into account the extraordinary circumstances

detailed by these Department officials.  In particular, defendant requests that it be granted an

extension of 120 days time in which to complete the processing of the classified documents that

might be responsive to EPIC's request and in which to prepare an index of responsive classified

documents, if any, coupled with the identification of the FOIA exemption(s) that justify their

withholding.[3]  Furthermore, defendant asks that it be relieved of the obligation to provide

declarations supporting the withholding of both classified and unclassified documents until such

time as defendant moves for summary judgment.  Instead, defendant suggests that the provision of

the index of unclassified documents described herein provides a sufficient basis from which

plaintiffs can assess the basis for any withholdings of those documents made by defendant, as well

as a platform from which the parties can attempt to pursue discussions that might serve to narrow

the unclassified document withholding issues that would have to be resolved through summary

judgment proceedings supported by appropriate declarations.  With respect to any responsive

classified documents, the preparation of an index will take substantially more time, and due to the

---

     [3]  As noted further herein, and as described in the declarations of Mr. Baker and Mr.
Bradbury, defendant anticipates that any index of any responsive classified materials maintained
by OIPR and OLC will itself be a classified document that may be provided only to the Court for
in camera, ex parte review.

sensitivity of any documents that might be responsive, defendant anticipates that any such index would itself be a classified document. Thus, defendant asks that the Court relieve defendant of the obligation to provide an index of any responsive classified documents or any declaration supporting their withholding until defendant is prepared to do so in support of its eventual motion for summary judgment. Finally, defendant respectfully suggests that the Court convene a status conference in 60 days, at which time defendant will be prepared to update the Court and the parties on the status of processing.[4]

## ARGUMENT

I.    **PROCESSING THE POTENTIALLY RESPONSIVE CLASSIFIED DOCUMENTS WILL REQUIRE SIGNIFICANTLY MORE TIME THAN CURRENTLY ALLOWED BY THE COURT.**

As fully described in the declarations of Mr. Baker and Mr. Bradbury, any classified documents that may be responsive to plaintiff's FOIA requests are documents as to which access is tightly controlled pursuant to Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003), which sets forth the procedures for protecting information the unauthorized disclosure of which would cause harm to the national security of the United States. Those declarations fully explain why Mr. Baker and

---

[4] As required by the Local Rules, undersigned counsel for defendant consulted extensively with counsel for EPIC, Mr. David Sobel, Esq., regarding the relief to be requested in this motion. Mr. Sobel indicated that plaintiff would consent to an enlargement of time of 20 days beyond March 8, 2006, for the completion of defendant's processing of responsive, classified material, but opposed any further enlargement of time. Undersigned counsel also spoke with counsel for the plaintiff in the consolidated case, Civil Action No. 06-00214, Catherine Crump, Esq., and advised Ms. Crump that, to the extent the requests at issue in that case (hereinafter "the ACLU/NSAF requests") were directed at the same components as in the EPIC case, the response times identified in this motion and the extensions sought herein applied to the ACLU/NSAF requests as well. To be clear, the ACLU/NSAF requests are also directed to Department components other than those which are recipients of the EPIC request, and this filing does not address the non-overlapping components' responses.

Mr. Bradbury, who are familiar with the documents that are potentially responsive to EPIC's request, believe that more time is required for processing than that set forth in the Court's February 16, 2006, Order. The Court is respectfully referred to those declarations for further details.

In light of the classified nature of the potentially responsive documents, and, moreover, because plaintiff's request, on its face, seeks information that relates to activities of the National Security Agency, it is highly likely that the vast majority of these documents will be exempt from disclosure under FOIA. See 5 U.S.C. § 552(b)(1) (exempting from disclosure documents that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and []are in fact properly classified pursuant to such Executive order"); § 552(b)(3) (exempting from disclosure documents "specifically exempted from disclosure by statute"); see also 50 U.S.C. § 402 note (establishing that "nothing in [the National Security Act of 1959] or any other law . . . shall be construed to require the disclosure of the organization or any function of the National Security Agency, or any information with respect to the activities thereof. . . ."). Moreover, because the functions of both OLC and OIPR include the provision of legal advice to the Attorney General and other executive agencies and departments, much of the material identified as potentially responsive to EPIC's request is likely to be exempt from disclosure under Exemption 5, see 5 U.S.C. § 552(b)(5) (exempting from disclosure "inter- or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"), or other FOIA exemptions.

Extraordinary care must be taken when processing documents of this sort to ensure that the constraints on the disclosure of classified information are properly observed, and that no inadvertent disclosure of classified information is made. In an effort to ensure that public

disclosure of material is made whenever possible, Department regulations specifically provide that "[i]n processing a request for information that is classified under Executive Order 12958 . . . or any other executive order, the [original classifying authority] shall review the information to determine whether it should remain classified," 28 C.F.R. § 16.7, and set forth procedures by which, when documents are found in the possession of the Department which contain information originally classified outside the Department, referrals and consultations must take place so that the classification of the information can be confirmed or so that any declassification activity can be undertaken by the original classification authority.  See 28 C.F.R. § 16.4 (describing consultation and referral procedures); see also Exec. Order 12958, as amended.  These classification review and consultation and referral procedures are critical to ensuring that classified information is not improperly disclosed, while at the same time identifying information that might properly be declassified and disclosed.  As fully described in the declarations of Mr. Baker and Mr. Bradbury, these required classification reviews will be time-consuming in this case for a number of reasons.

Congress has specifically recognized that the process of reviewing classified information in conformity with the provisions of FOIA and Executive Order can require additional time than that provided in FOIA.  With respect to FOIA's timeliness provisions, the legislative history of the amendments to FOIA made in 1996, thus, noted that "In underscoring the requirement that agencies respond to requests in a timely manner, the Committee does not intend to weaken the interests protected by FOIA's exemptions.  Agencies processing some requests may need additional time to adequately review requested material to protect those exemption interests.  For example, processing some requests may require additional time to properly screen material against the inadvertent disclosure of material covered by the national security exemption."  H.R. Rep. No. 104-795, 1996 U.S.C.A.A.N. at 3466.

Courts have also recognized that FOIA processing can take additional time beyond the twenty days stated in the statute.  Thus, for example, in Leadership Conference on Civil Rights v. Gonzalez, 2005 WL 3360884 (D.D.C. 2005), Judge Lamberth recognized that expedited processing was warranted, but allowed the agency "two years from the date on which the complaint was originally filed" to complete processing.  Id. at *11.  In American Civil Liberties Union v. United States Department of Justice, Civil Action No. 03-2522 (D.D.C.), Judge Huvelle ruled expedited processing was warranted, 321 F. Supp. 2d 24 (D.D.C. 2004), but specifically recognized that processing documents that "require review for potential withholding under Exemption 1" would be more time-consuming than the processing of other documents, Order, Docket No. 26 (May 21, 2004)  (attached as Ex. A).  See also Order, ¶ 1, Judicial Watch, Inc. v. United States Dept. of Justice, Civil No. 01-639 (D.D.C.) (Kessler, J.) (ordering the Department to process 5000 pages in three months) (attached as Ex. B); Order, ¶ 6, Cozen O'Connor v. U.S. Dept. of Treasury, Civil Action No. 05-4332 (E.D. Pa.) (Savage, J.) (ordering Department of the Treasury to process FOIA request in ten months) (attached as Ex. C).

The Court's February 16, 2006, Order relied to a great extent on the order issued by the Court in American Civil Liberties Union v. Department of Defense, 339 F. Supp. 2d 501 (S.D.N.Y. 2004), which initially ordered production of all responsive documents within one month.  Notably, although the request at issue in American Civil Liberties Union, like EPIC's, was subject to expedited processing, it is apparent from a review of the docket in that case, attached as Ex. D, that multiple enlargements have been granted to the responding agencies.  See, e.g., Civil Action No. 04-4151, Docket Nos. 35, 44, 67, and 172.  In fact, processing of responsive documents remains ongoing to this date, more than 18 months following the entry of the Court's initial order.

The declarations of Mr. Baker and Mr. Bradbury demonstrate that despite all diligence by the Department, the potentially responsive classified documents cannot be processed by March 8. Instead, as more fully discussed in those declarations, the extraordinary care which must be taken when reviewing potentially responsive documents of this sensitivity, and the time that must be devoted to the classification reviews and consultations and referrals required by FOIA, Executive Order 12958, as amended, and Department regulations, mean that the best estimate of the time required for processing is 120 additional days. Defendant respectfully requests that the Court grant it that time to complete the task at hand.

## II.    DECLARATIONS SUPPORTING WITHHOLDINGS ARE PREMATURE.

The Court's Order of February 16, 2006, requires defendant to provide EPIC "with a document index and declaration, as specified in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), stating its justification for the withholding of any documents responsive to EPIC's request within 30 days of the date of [that] order." Courts do not always require the submission of a declaration or Vaughn index prior to the time the government files its dispositive motion, and have denied motions to compel the preparation of a Vaughn index prior to such time as premature. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) (Vaughn index is "inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions"); U.S. Comm'n on Refugees v. Dept. of State, 1992 WL 35089, at *1 (D.D.C., Feb. 7 1992) (concluding that "the preparation of a Vaughn index is unwarranted before the filing of dispositive motions in FOIA actions because the filing of a dispositive motion, along with detailed affidavits, may obviate the need for indexing the withheld documents" (internal quotations and citations omitted)); Stimac v. United States Dept. of Justice, 620 F. Supp. 212, 213 (D.D.C. 1985) (concluding that "the preparation of a Vaughn Index would

be premature before the filing of dispositive motions"); <u>Pyne v. Comm'r of the Internal Revenue Serv.</u>, 1999 WL 112532 (D. Hawaii Jan. 6, 1999) (denying motion to compel preparation of a <u>Vaughn</u> index as premature when Government had not yet presented any affidavits as to why the documents withheld could not be released). Practically speaking, it is a waste of the parties' and the Court's resources to be embroiled in a dispute over a <u>Vaughn</u> submission until the appropriateness of the exemptions provided in the index is tested through the summary judgment process.

The reason for delaying the provision of a declaration or <u>Vaughn</u> index until the summary judgment stage is grounded in the ordinary process by which FOIA cases are litigated. In a FOIA case, the government has the burden of proving that its withholding of certain documents or portions of certain documents was justified, 5 U.S.C. § 552(a)(4)(B). As part of meeting this burden, the government usually provides a <u>Vaughn</u> index. <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir 1973).[5] Generally, a district court's de novo review of an agency's claimed exemptions occurs in the context of cross-motions for summary judgment; the court determines whether the agency has met its burden by showing that the withheld documents are exempt from disclosure under the FOIA. <u>Gallant v. Nat'l Labor Relations Bd.</u>, 26 F.3d 168, 171 (D.C. Cir. 1994). Thus, the standard practice in FOIA litigation is to allow the agency to file a dispositive motion along with its explanations for the claimed exemptions.

In certain cases, an index of documents withheld and the reasons justifying the withholding may be provided by the government prior to its moving for summary judgment, but as an ordinary matter, declarations supporting those withholdings should not be required until the agency is in

_____

[5] No particular format is required so long as the materials provided "give the reviewing court a reasonable basis to evaluate the claim of privilege." <u>Gallant v. Nat'l Labor Relations Bd.</u>, 26 F.3d 168, 173 (D.C. Cir. 1994) (citation omitted).

the position of meeting its required burden on a motion for summary judgment. The reason for this is simple: whereas indices may sometimes serve as a basis from which the plaintiffs can assess the reasons for any particular withholding, and as the platform from which the parties might attempt to narrow the document withholdings that will be at issue at summary judgment, only those particular documents that remain at issue at the time such a dispositive motion is filed need be addressed in a supporting declaration. There is no need, accordingly, to put testifying officials to the task of reviewing all documents that might be withheld, when discussions amongst the parties based upon an index can narrow the documents that may actually be in dispute at the summary judgment stage.[6] Thus, defendants seek relief from that portion of the Court's Order that requires declarations to be provided at this stage of the proceedings. Instead, the Department suggests that it should be allowed to provide an index identifying the unclassified documents withheld and the FOIA exemption(s) which supports the withholding. As described above, for the unclassified documents, but see note 1, the Department intends to provide such an index on March 20, 2006.

For the potentially responsive classified documents, however, for the reasons stated in the

---

[6] Such indices are not required in every case, and many courts have held that declarations provided in support of summary judgment can meet the government's burden without requiring a document-by-document index. See Miscavige, 2 F.3d at 368 ("in certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, in camera review, or oral testimony."); see also, e.g., Gallant, 26 F.3d at 173 ("production of a Vaughn index was not necessary given the adequacy of the government's affidavits"); Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978) ("[a]lthough the Agency did not tender its analysis in the form of an 'index,'" its declarations were sufficiently specific to satisfy the criteria of Vaughn v. Rosen). Thus, for example, in People for the American Way v. Nat'l Security Agency, Civil Action No. 06-206, Judge Huvelle of this Court recognized that an index might not be required even at the summary judgment stage and ordered the agency to file its "Motion for Summary Judgment by May 1, 2006, with all appropriate documentation, including a Vaughn Index or an adequate explanation for not including such an index." Minute Order, February 27, 2006 (attached as Ex. E).

declarations of Mr. Baker and Mr. Bradbury, the Department seeks relief from the requirement that a Vaughn index be provided to plaintiffs. As described in those declarations, defendant anticipates that an index of any classified documents identified as responsive will itself be a classified document. Thus, defendant will not be able to provide any such classified index to the plaintiff, but instead must provide any such index to the Court for in camera ex parte review, and respectfully suggests that it do so as part of its submissions on summary judgment. See, e.g., Schlesinger v. Central Intelligence Agency, 591 F. Supp. 60, 62-64 (D.D.C. 1984) (Flannery, J.) (describing similar in camera procedures). Defendant expects within 60 days to be in a position to provide the Court with an update regarding the status of processing of the potentially responsive classified documents. Thus, finally, defendant respectfully suggests that the Court set a status conference for those purposes in 60 days.

**CONCLUSION**

For the reasons stated herein and in the accompanying declarations of Mr. Baker and Mr. Bradbury, defendant seeks the following relief from the Court's Order of February 16, 2006: (1) an extension of 120 days time in which to complete the processing of any potentially responsive documents maintained by OIPR and any potentially responsive classified documents maintained by OLC; (2) relief from the obligation to provide, within 30 days of the Court's February 16, 2006, Order, declarations in support of the reasons for withholding the unclassified documents; (3) and relief from the obligation to provide, within 30 days of the Court's February 16, 2006, Order, either an index or a declaration in support of the reasons for withholding any responsive classified documents. A proposed order setting forth the relief requested herein is attached for the convenience of the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH J. WAINSTEIN
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

_____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated:   March 7, 2006.