IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 06-00214 (HHK) |

**DEFENDANT'S ANSWER TO COMPLAINT
OF THE AMERICAN CIVIL LIBERTIES UNION, et al.**

Defendant, the United States Department of Justice, by and through its undersigned counsel, hereby answers plaintiffs' Complaint in the captioned matter as follows:

First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiffs' Complaint because Defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Third Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiffs' Complaint because plaintiffs have failed to exhaust their administrative remedies.

Fourth Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information

is not required or permitted.

<u>Fifth Affirmative Defense</u>

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, defendant admits, denies, or otherwise responds as follows:

1.  Defendant admits that the captioned action is an action under the Freedom of Information Act, 5 U.S.C. § 552. The remainder of the allegations of this paragraph constitute a characterization of the relief that plaintiffs seeks in their Complaint and the Court is respectfully referred to that Complaint for a full and accurate description of its contents.

2.  The allegations contained in this paragraph constitute a characterization of the plaintiffs' December 2005 FOIA requests, to which no response by defendant is required. To the extent a response is deemed required, defendant admits that plaintiffs requested records under FOIA from the Department of Justice by letters dated December 2005, and denies the remainder of the allegations contained in this paragraph. Defendant respectfully refers the Court to plaintiffs' FOIA requests for a full and accurate description of their contents.

3.  This allegations contained in this paragraph consist of legal conclusions to which no response from defendant is required. To the extent a response is deemed required, defendant admits the allegation contained in the last sentence of this paragraph but denies the remainder of the allegations contained in this paragraph.

4.  Defendant admits that the ACLU is a national organization, admits that the American Civil Liberties Foundation is a 501(c)(3) organization, and admits that the American Civil Liberties Union is a non-profit 501(c)(4) membership organization. Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph, and therefore denies the same.

5. Defendant admits that the National Security Archive Fund is a non-governmental research institute and library located at The George Washington University in Washington, D.C. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph, and therefore denies the same.

6. Admitted.

7. The allegations contained in the first sentence of this paragraph constitute plaintiff's characterization of published news reports, including an article published by the New York Times on December 16, 2005, to which no response by defendant is required. To the extent a response is deemed required, defendant admits that the referenced New York Times article was published on December 16, 2005, and admits that the President described certain NSA activities in his radio address of December 17, 2005. The Court is respectfully referred to that article and to the transcript of the President's radio address for a full and accurate description of their contents. As to the remainder of the allegations contained in the first sentence of this paragraph, defendant can neither admit nor deny those allegations because to do so would require the disclosure of classified information, or could tend to reveal classified information. Defendant denies the allegations contained in the last two sentences of this paragraph, except to aver that the President has reauthorized certain activities of the NSA that were described in the President's radio address of December 17, 2005, more than 30 times since the September 11, 2001 attacks on the United States.

8. Defendants can neither admit nor deny the allegations contained in this paragraph because to do so would require the disclosure of classified information, or could tend to reveal

classified information.

9.     Defendant admits that the legality and propriety of the NSA activities that were described in the President's radio address of December 17, 2005, are a matter of public concern, cannot confirm or deny the allegations contained in the first sentence of this paragraph that purport to describe those activities because to do so would require the disclosure of classified information, or could tend to reveal classified information, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in the first sentence of this paragraph. The remainder of the allegations contained in this paragraph constitute plaintiff's characterizations of various published news reports, to which no response by defendant is required. Defendant respectfully refers the Court to those reports for a full and accurate description of their contents.

10.     Defendant admits that the NSA activities that were described in the President's radio address of December 17, 2006, are a matter of concern to Congress, the media and the public, but lacks knowledge and information sufficient to form a belief as to the remainder of the allegations contained in the first sentence of this paragraph. As to the second sentence of this paragraph, defendant admits that President Bush devoted a portion of his January 31, 2006, State of the Union address to discussing the NSA activities described in his radio address of December 17, 2006, but cannot confirm or deny the remainder the allegations contained in this sentence that purport to describe those activities because to do so would require the disclosure of classified information, or could tend to reveal classified information. As to the third sentence contained in this paragraph, defendant admits that General Michael Hayden, former director of the NSA, spoke at the National Press Club on January 23, 2006, and discussed the NSA activities described in the President's radio address of December 17, 2006, but cannot confirm or deny the remainder the

allegations contained in this sentence that purport to describe those activities because to do so would require the disclosure of classified information, or could tend to reveal classified information.  As to the fourth sentence of this paragraph, defendant admits that on February 6, 2006, the Senate Judiciary Committee began hearings related to the NSA activities described by the President in his radio address of December 17, 2006, but cannot confirm or deny the remainder the allegations contained in this sentence that purport to describe those activities because to do so would require the disclosure of classified information, or could tend to reveal classified information.  Defendant admits the allegations contained in the fifth sentence of this paragraph.  The remainder of the allegations of this paragraph consists of citations to published news reports, to which no response by defendant is required.  The Court is respectfully referred to those reports for a full and accurate description of their contents.

11. The allegations contained in this paragraph consist of plaintiffs' characterization of the FOIA request submitted by the ACLU ("ACLU FOIA request").  With respect to the first two sentences of this paragraph, defendant admits that plaintiff ACLU sent a letter dated December 20, 2005 requesting records under FOIA to the FOIA/Privacy Act Mail Referral Unit of the Justice Management Division of the Department of Justice, and that a separate copy of that request was also forwarded to the Office of Information and Privacy, but lacks knowledge or information sufficient to form a belief as to the allegation that the separate copy was forwarded on the next day.  As to the remainder of the allegations contained in this paragraph, no response from defendant is required and the Court is respectfully referred to the ACLU FOIA request for a full and accurate description of its contents.

12. Defendant admits the allegations contained in the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph constitute legal conclusions as

to which no response from defendant is required.  To the extent a response is deemed required,

defendant admits that the Office of Information and Privacy and the Office of Public Affairs

granted the request to expedite the ACLU FOIA request on grounds allowed by the cited

Department of Justice regulations.

13.    The allegations contained in this paragraph consist of plaintiffs' characterization of

the ACLU FOIA request, to which no response by defendant is required.  Defendant respectfully

refers the Court to that request for a full and accurate description of its contents.

14.    The allegations contained in this paragraph consist of plaintiffs' characterization of

the FOIA request on behalf of the National Security Archive Fund ("NSAF FOIA request").

Defendants admit that plaintiff NSAF sent a letter dated December 22, 2005, requesting records

under FOIA to the Office of Information and Privacy and the Office of Legal Counsel of the

Department of Justice, and respectfully refers the Court to the NSAF FOIA request for a full and

accurate description of its contents.

15.    The allegations contained in this paragraph consist of plaintiffs' characterization of

a letter dated January 9, 2006, sent by plaintiff NSAF.  Defendant admits it received a letter dated

January 9, 2005, from the NSAF, and respectfully refers the Court to that letter for a full and

accurate description of its contents.

16.    The allegations contained in this paragraph consist of plaintiffs' characterization of

the NSAF request, to which no response by defendant is required.  Defendant respectfully refers

the Court to that request for a full and accurate description of its contents.

17.    The allegations contained in this paragraph consist of plaintiff's characterization of

a January 6, 2006, letter sent to the ACLU from the Office of Information and Privacy, to which

no response from defendant is required.  The Court is respectfully referred to that letter for a full

and accurate description of its contents.

18. The first six sentences of this paragraph consist of plaintiffs' characterization of a January 20, 2006, letter sent to the NSAF from the Office of Information and Privacy, to which no response from defendant is required. To the extent a response is deemed required, defendant admits that it granted NSAF's request for expedited processing, and respectfully refers the Court to the January 20, 2006, letter for a full and accurate description of its contents. Defendant denies the allegations contained in the last sentence of this paragraph.

19. Denied.

20. The allegations contained in this paragraph consist of legal conclusions to which no response from defendant is required. To the extent a response is deemed required, defendant denies the same.

21. The allegations contained in this paragraph consist of legal conclusions to which no response from defendant is required. To the extent a response is deemed required, defendant denies the same.

22. The allegations contained in this paragraph consist of legal conclusions to which no response from defendant is required. To the extent a response is deemed required, defendant denies the same.

23. The allegations contained in this paragraph consist of legal conclusions to which no response from defendant is required. To the extent a response is deemed required, defendant denies the same.

WHEREFORE, having fully answered plaintiff's Complaint, defendant prays for a judgment dismissing the complaint with prejudice and for such further relief as the Court may deem just.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General, Civil Division

        KENNETH J. WAINSTEIN
        United States Attorney

        JOSEPH H. HUNT
        Director, Federal Programs Branch

        ELIZABETH J. SHAPIRO
        Assistant Director, Federal Programs Branch


        ____/s/ Rupa Bhattacharyya_____
        RUPA BHATTACHARYYA (VA# 38877)
        Senior Trial Counsel
        Federal Programs Branch, Civil Division
        United States Department of Justice
        P.O. Box 883, 20 Massachusetts Ave., N.W.
        Washington, D.C.  20044
        Tel: (202) 514-3146
        Fax: (202) 318-7593
        Email: rupa.bhattacharyya@usdoj.gov

Dated:   March 9, 2006.