IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil No. 06-00096 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil No. 06-00214 (HHK) |

**DECLARATION OF LYNNE R.[1]**

I, Lynne R., declare as follows:

1.  I am the Deputy Chief of Staff for Operations and Support for the Signals Intelligence Directorate of the National Security Agency (NSA), an intelligence agency within the Department of Defense. I oversee signals intelligence (SIGINT) operations of NSA which includes the SIGINT units of the U.S. armed services. Under Executive Order No. 12333, 46 Fed. Reg. 59941 (1981), as amended on January 23, 2003, 68 Fed. Reg. 4075 (2003), and August 27, 2004, 69 Fed. Reg. 53593 (2004), the NSA SIGINT Directorate is responsible for the collection, processing, and dissemination of SIGINT information for the foreign intelligence purposes of the United States. I am responsible for protecting NSA

---

[1] This Agency official's name is not a matter of public record and pursuant to P.L. 86-36 has been withheld.

SIGINT activities, sources and methods against unauthorized disclosures. I have been designated an original TOP SECRET classification authority under Executive Order No. 12958, 60 Fed. Reg. 19825 (1995), as amended on March 25, 2003, 68 Fed. Reg. 15315 (2003), and Department of Defense Directive No. 5200.1-R, Information Security Program Regulation, 32 C.F.R. 159a.12 (2000).

2. My statements herein are based on my personal knowledge of SIGINT collection and NSA operations, including the Terrorist Surveillance Program (TSP), and on information made available to me in my capacity as the Deputy Chief of Staff for Operations and Support for the Signals Intelligence Directorate. I have knowledge of the documents reviewed by NSA upon referral by the Department of Justice in response to the plaintiffs' FOIA requests for information concerning the TSP made to that agency, and assisted in reviewing those documents when they were referred.

3. I provide this declaration in response to the Court's Opinion of September 5, 2007 (Sept. 5 Order), seeking additional information from NSA as to documents withheld by NSA in particular categories. Specifically, I understand that the Court has determined that NSA properly withheld information concerning operational details of the TSP and NSA TSP-related policies, procedures, checklists, and audits, see Sept. 5 Order at 23, but that it requires a further submission from NSA regarding the withheld legal memoranda, opinions and reviews pertaining to the TSP discussed in paragraph 29 of the Declaration filed by Joseph B., now the Associate Director of the Global Cryptologic Integration Center, Policy and Records for NSA. I am familiar with the declaration of Joseph B. previously filed in this proceeding and with the documents referred to in paragraph 29 of that declaration.

4. The "legal memoranda, opinion, and reviews" pertaining to the TSP that were referred to NSA by the Department of Justice constitute a small minority of the documents

referred to NSA. The vast majority of documents referred to NSA concerned operational details of the TSP or NSA TSP-related policies, procedures, checklists, and audits, the withholding of which the Court has upheld.

5. In particular, NSA withheld nine documents among those referred to it for review by the Department of Justice because they fell within the category of legal memoranda, opinions, and reviews. These documents were identified as OLC 41, 43, 71, 77, 79, 94, and 123, and ODAG 13 and 21.

6. It is my understanding that the documents referred by the Department of Justice's Office of Legal Counsel ("OLC") – OLC 41, 43, 71, 77, 79, 94, and 123 – were also documents as to which OLC had significant equities and, thus, were also addressed in the declarations filed on behalf of OLC in this litigation. Specifically, OLC 41 is a draft legal opinion of OLC on which NSA provided comments; OLC 43, 71, 77, 79, 94, and 123 are informal communications (facsimile transmissions and email messages) between NSA attorneys or personnel and Department of Justice attorneys discussing specific questions about the TSP. It is my understanding that the Court has already granted the Department of Justice summary judgment as to the proper withholding of these documents, finding that drafts and "email and fax correspondence to and from OLC" are either "uncontested or exempt," and that OLC has "sufficiently identified the predecisional and deliberative aspects of these records." See Sept. 5 Order at 16.

7. Although I have not reviewed the declaration filed on behalf of OLC, I have reviewed the OLC documents in question and concur with the determination that these documents reflect predecisional and deliberative attorney-client communications, and that they are properly withheld in their entireties under Exemption Five of FOIA. These documents also contain classified information relating to the operation of the TSP and/or to

3

TSP-related policies and procedures of NSA, and they are properly exempt from disclosure for under Exemptions One and Three of FOIA as well for the reasons previously provided in the Declaration of Joseph B.

8. Of the two documents referred by the Department of Justice's Office of Deputy Attorney General ("ODAG"), ODAG 13 is a copy of a document prepared by NSA's Office of General Counsel in November 2004 which describes certain information concerning the operation of the TSP and other intelligence activities and the policies and procedures that the NSA employs in connection with these activities. Interspersed among the text of the document are questions regarding the operational and procedural information provided in the document from other Executive Branch attorneys and corresponding responses from NSA. This document, thus, contains information of the sort that the Court has already determined to be properly withheld by the NSA. Moreover, it also contains protected attorney-client communications in the form of the questions and answers between Government attorneys. In this regard, ODAG 13 is no different from the OLC documents described above, which the Court has already determined are properly withheld. I have reviewed this document and have determined that it should be withheld under FOIA Exemptions One, Three and Five, and that there is no meaningful information contained within this document that could be reasonably segregated from protected information and disclosed without compromising classified or privileged information.

9. ODAG 21 is a duplicate of OLC 123, with handwritten comments and marginalia which I have been advised were made by an OLC attorney, and is properly withheld – and has already been determined to be properly withheld – for the reasons set forth in paragraph 6-7 above.

10. In the course of preparing the supplemental declarations sought by the Court's Order of September 5, 2007, the Department of Justice referred one additional document to NSA – OLC 7 – because the information contained in that document was information that originated with NSA. I have reviewed that document and have determined that it concerns NSA TSP-related policies and procedures, and thus, that it is properly withheld for the reasons set forth in the Declaration previously filed in this matter by Joseph B. As noted above, I understand that the Court has concurred with NSA's determination that such documents are properly withheld. See Sept. 5 Order at 23. OLC 7 is thus properly withheld under Exemptions One and Three for the reasons previously stated in Joseph B.'s declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of October, 2007.

_____
LYNNE R.

Deputy Chief of Staff for
Operations and Support
Signals Intelligence Directorate

National Security Agency