**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) | |
| | ) | Civil Action No. 06-00096 (HHK) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |
| | ) | |
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) | |
| | ) | Civil Action No. 06-00214 (HHK) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF JUSTICE, | ) ) | |
| | ) | **CONSOLIDATED CASES** |
| Defendant. | ) ) | |
| _____ | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's October 31, 2008 Order permitting supplemental briefing by

Defendant, the Department of Justice hereby submits this supplemental memorandum in support

of its Renewed Motion for Summary Judgment.  This submission is accompanied by a redacted

form of the Supplemental Declaration of Steven G. Bradbury, Principal Deputy Assistant

Attorney General, Department of Justice Office of Legal Counsel ("OLC").  The unredacted

Supplemental Declaration of Steven G. Bradbury, together with the ten documents identified in

the October 31 Order for *in camera* review, have been lodged for secure storage and transmission

to the Court with the United States Department of Justice, Litigation Security Group, as set forth

in Defendant's Notice of Lodging of Classified Documents for *In Camera, Ex Parte* Review, also filed this date.

In its October 31 Memorandum Opinion and Order, the Court granted in part and denied in part Defendant's Renewed Motion for Summary Judgment, and granted in part and denied in part Plaintiff's Renewed Motion for *In Camera* Review.  The Court ordered Defendant to submit ten identified documents for *in camera* review by November 17, 2008.  The Court also granted summary judgment in Defendant's favor on the other documents at issue in the case.

With respect to the ten documents identified for *in camera* review, all of which contain legal opinions of OLC, the Court found that the prior declarations of Mr. Bradbury did not sufficiently explain whether non-exempt information could be segregated and released with respect to Defendant's claim to Exemptions 1 and 3 of the Freedom of Information Act ("FOIA").  Regarding Defendant's assertion of the deliberative process privilege under FOIA Exemption 5, the Court found that the prior declarations of Mr. Bradbury "imply that it is likely that most if not all [of the ten documents] were properly withheld pursuant to the deliberative process privilege."  Mem. Op. and Order of 10/31/08 at 15.  The Court concluded, however, that Mr. Bradbury's prior declarations provided insufficient information about the subject or content of the recommendations or legal advice contained in the withheld documents and did not describe the decisions to which the recommendations or advice related.  *Id.* at 16.  Concerning Defendant's assertion of the attorney-client privilege under FOIA Exemption 5, the Court found that the declarations failed to demonstrate that the documents contain confidential information that a client provided to Defendant "in the course of seeking legal advice."  *Id.* at 20.  The

Supplemental Declaration of Mr. Bradbury seeks to address the deficiencies found by the Court

and provides additional detail about the ten documents which remain at issue.

With regard to segregability, while FOIA requires that "[a]ny reasonably segregable

portion of a record shall be provided," 5 U.S.C. § 552(b), the Act does not require disclosure of

records in which non-exempt information is inextricably intertwined with exempt information or

records in which the segregation of any non-exempt information would result only in a

meaningless compilation of words. *See, e.g., Nat'l Sec. Archive Fund, Inc. v. CIA*, 402

F. Supp. 2d 211, 218 (D.D.C. 2005) ("Agencies cannot withhold entire documents unless they

can demonstrate that the non-exempt portions of a document are 'inextricably intertwined with

exempt portions.'") (quoting *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d

1022, 1027 (D.C. Cir. 1999)); *id.* at 220-21 (concluding that no reasonably segregable

information existed in documents at issue because "the non-exempt information would produce

only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless

words."). Mr. Bradbury's Supplemental Declaration explains in greater detail and specificity that

any non-exempt information in the ten documents at issue cannot reasonably be segregated from

classified information or deliberative process-privileged information therein because all of the

information is inextricably intertwined and any attempted segregation would result only in a

meaningless compilation of words.[1]

Regarding the deliberative process privilege, the October 31 Order recognizes that "[i]f

OLC provides legal advice as part of a decision-making process, this legal advice is protected

---

[1] The Court explained in the October 31 Order that it "will not second-guess DOJ's determination that release of classified information in these documents [the ten at issue] would harm national security." Mem. Op. and Order of 10/31/08 at 10.

under the deliberative process privilege." Mem. Op. and Order of 10/31/08 at 13.  For each of

the ten documents at issue, Mr. Bradbury's Supplemental Declaration identifies the deliberative

process of which the document was part, describes the document's role in that particular process,

identifies the subject or content of the recommendation or legal advice conveyed in the

document, identifies the decision to which the recommendation or advice related, and explains

the pre-decisional nature of the document.[2]  *See id.* at 16-17 ("It is well established that, to claim

the deliberative process privilege, an agency must identify 'the role of a contested document in a

specific deliberative process . . . in order to show by specific and detailed proof that disclosure

would defeat, rather than further, the purposes of the FOIA . . .   The agency must also

demonstrate that the documents at issue are pre-decisional.") (quoting *Judicial Watch v. U.S.

Postal Serv.*, 297 F. Supp. 2d 252, 259 (D.D.C. 2004)).

  The attorney-client privilege, as the Court recognized in the October 31, 2008 Order,

"'protects communications from clients to their attorneys [and vice versa] if communications rest

on confidential information obtained from the client.'"  *Id.* at 19 (quoting *Tax Analysts v. IRS*,

117 F.3d 607, 618 (D.C. Cir. 1997) (internal quotation marks omitted)).  Mr. Bradbury's

Supplemental Declaration explains that the information over which Defendant asserts the

attorney-client privilege was provided to OLC either by or at the request of the Attorney General,

or by other clients identified in the Supplemental Declaration, for OLC's use in preparing legal

advice for the Attorney General or other clients identified in the Supplemental Declaration.  *See*

---

[2] The October 31 Order noted that "[i]t is unclear whether the deliberative process privilege is asserted with respect to ODAG 42."  Mem. Op. and Order of 10/31/08 at 11 n.14. The Supplemental Bradbury Declaration clarifies that Defendant does assert the deliberative process privilege with respect to ODAG 42.  Suppl. Bradbury Decl. ¶ 8.

*In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984) (attorney-client communication applies to communications that "relate[] to a fact of which the attorney was informed . . . for the purpose of securing primarily . . . an opinion on law . . ."); *see also id.* ("In a given case, advice prompted by the client's disclosures may be further and inseparably informed by other knowledge and encounters.  We have therefore stated that the privilege cloaks a communication from attorney to client 'based, *in part at least*, upon a confidential communication [to the lawyer] from [the client].'") (quoting *Brinton v. Dep't of State*, 636 F.2d 600, 604 (D.C. Cir. 1980) (alteration in original)); *In re County of Erie*, 473 F.3d 413, 420-21 (2d Cir. 2007) (in assessing applicability of attorney-client privilege to communication with government attorney, "So long as the predominant purpose of the communication is legal advice, [policy and other] considerations and caveats are not other than legal advice or severable from it.  The predominant purpose of a communication cannot be ascertained by quantification or classification of one passage or another; it should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer.").

For the reasons set forth above and in Defendant's previous briefing in support of its Renewed Motion for Summary Judgment, and as supported by Mr. Bradbury's previous declarations and his Supplemental Declaration, the Court should grant the Motion and enter summary judgment in Defendant's favor with respect to the remaining documents at issue.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General
Civil Division

JEFFREY A. TAYLOR
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch


/s/ Caroline Lewis Wolverton
_____

CAROLINE LEWIS WOLVERTON
D.C. Bar No. 496433
Trial Attorney
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20530
Tel: (202) 514-0265
Fax: (202) 616-8202
Email: caroline.lewis-wolverton@usdoj.gov

Dated:  November 17, 2008