**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>          Defendant. | No. 1:06-CV-96 (HHK) |
| AMERICAN CIVIL LIBERTIES UNION et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>          Defendant. | No. 1:06-CV-214 (HHK)<br><br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF FILING**

On March 18, 2011, Defendant U.S. Department of Justice ("DOJ") released to Plaintiffs heavily redacted versions of two of the ten Office of Legal Counsel ("OLC") memoranda currently subject to the Court's *in camera* review. The release confirms that the government is improperly continuing to withhold information that it has already officially acknowledged, and it suggests that the government's classification decisions are inconsistent. Respectfully, these considerations should guide the Court's *in camera* review of the ten OLC memoranda still at issue in this lawsuit. *See* Mem. Op. & Order 27, Oct. 31, 2008, ECF No. 41.

**Background**

As the Court is aware, Plaintiffs seek, through the Freedom of Information Act ("FOIA"), the disclosure of records concerning the National Security Agency's warrantless electronic surveillance of Americans within the United States.  On October 31, 2008, the Court held that the DOJ had not adequately justified its complete withholding of ten memoranda authored by the OLC, and it ordered the DOJ to submit those memoranda for *in camera* review.  *See* Mem. Op. & Order 10, 27, Oct. 31, 2008, ECF No. 41.  The DOJ did so on November 17, 2008.

On July 10, 2009, the DOJ released a report entitled Unclassified Report on the President's Surveillance Program ("IG Report"), which was prepared by the Offices of Inspectors General of the DOJ, the National Security Agency ("NSA"), the Department of Defense, the Central Intelligence Agency, and the Office of the Director of National Intelligence. *See* Pls.' Supplemental Mem., Ex. 1, Sept. 15, 2009, ECF No. 70-2, *available at* http://bit.ly/ggnI5C.  Because the IG Report identified and extensively quoted from several of the OLC memoranda withheld by the government in this FOIA lawsuit, Plaintiffs filed a supplemental memorandum on September 15, 2009, bringing the report to the Court's attention. Pls.' Supplemental Mem., ECF No. 70.  The government responded by committing to review four of the ten OLC memoranda withheld in full by the government and subject to the Court's *in camera* review.  Def.'s Resp. 3, Dec. 17, 2009, ECF No. 47.

After fifteen months of review of those four memoranda, on March 18, 2011, the government released heavily redacted versions of two of the memoranda.  *See* Def.'s Notice of Filing, Mar. 21, 2011, ECF No. 54.[1]

---

[1] The two released memoranda are appended to the government's notice, filed on March 21, 2011.  They are also available on the DOJ's website at http://www.justice.gov/olc/docs/memo-president-surveillance-program.pdf, and http://www.justice.gov/olc/docs/johnyoo-memo-for-ag.pdf.

**Discussion**

As an initial matter, the government's recent disclosure clears the way for the Court to conduct its *in camera* review of the ten OLC memoranda at issue.  Those memoranda are crucial to ongoing public discussion about the legality of the NSA's warrantless wiretapping program and to understanding the impact of that program on the constitutional rights of Americans during its implementation.

The disclosure also confirms that the government continues improperly to withhold information contained in the OLC memoranda discussed in the IG Report.  A brief discussion of the two memoranda released on March 18, 2011 makes this clear.

**The Yoo Memo.**  One of the two disclosed memoranda—OLC 131—is a November 2, 2001 OLC memo from Deputy Assistant Attorney General John C. Yoo to the Attorney General (the "Yoo memo").  The government's *Vaughn* declaration described it as "a 24-page memorandum, dated November 2, 2001, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request from the Attorney General for OLC's opinion concerning the legality of certain communications intelligence activities."  Second Bradbury Decl. ¶ 83(g).  The IG Report discussed the memo extensively on pages 11–13, quoting heavily from it and describing its legal analysis and conclusions.

Despite the extent of the IG Report's official confirmation of the contents of the Yoo memo, the government has now released a total of only eight sentences from the memo.  It did not release any portions of the Yoo memo relating to the following descriptions from the IG Report.

1. "According to Yoo, the ultimate test of whether the government may engage in warrantless electronic surveillance activities is whether such conduct is consistent with the Fourth Amendment, not whether it meets the standards of FISA."  IG Report at 11.

2. "Yoo dismissed Fourth Amendment concerns regarding the PSP to the extent that the Authorizations applied to non-U.S. persons outside the United States." *Id.* at 12.

3. "Regarding those aspects of the program that involved interception of the international communications of U.S. persons in the United States, Yoo asserted that Fourth Amendment jurisprudence allowed for searches of persons crossing the border and that interceptions of communications into or out of the United States fell within the 'border crossing exception.'" *Id.*

4. "Yoo also wrote that the activity described in the Presidential Authorizations was 'reasonable' under the Fourth Amendment and therefore did not require a warrant." *Id.*

5. "In support of this position, Yoo cited Supreme Court opinions upholding warrantless searches in a variety of contexts, such as drug testing of employees and sobriety checkpoints to detect drunk drivers, and in other circumstances 'when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.' *Veronia School Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995) (as quoted in November 2, 2001 Memorandum at 19)." *Id.* at 12–13.[2]

The portions of the Yoo memo corresponding to these descriptions from the IG Report cannot be withheld under FOIA, and the Court should order their release after its *in camera* review.

**The Goldsmith Memo.**  The other disclosed OLC memo—OLC 54—is a May 6, 2004 memo from Assistant Attorney General Jack L. Goldsmith, III (the "Goldsmith memo").  The IG Report describes the memo as a 108-page "OLC legal memorandum assessing the legality of the [President's Surveillance Program] PSP."  IG Report at 29.  Although the government has released substantial portions of the document, careful review of the government's classification markings in the memo suggest that it may be improperly withholding other parts of the memo.  For example, on pages 19–21, the Goldsmith memo contains two paragraphs outlining the requirements of the Foreign Intelligence Surveillance Act and the sanctions imposed for

---

[2] The government did disclose the Yoo memo's quotation of *Veronia School District 47J*: "A warrantless search can be constitutional 'when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'"  Yoo Memo at 19.  But the government curiously redacted the memo's actual citation of the case, as well as the other Supreme Court cases cited, as described in the IG Report.

violating it.  The paragraphs are strictly legal and strictly descriptive.  They do not disclose any facts relating to the President's Surveillance Program, and they do not interpret or analyze the law in any manner that could be considered privileged.  Nonetheless, both paragraphs were originally denoted and withheld as "TS," or top secret.  The carryover paragraph beginning on page 33 of the memo also suggests inconsistent classification.  As with the paragraphs on pages 19–21, the one on pages 33–34 is purely legal and descriptive in its discussion of the PATRIOT Act, and its classification marking of "U"—unclassified—reflects that fact.  Nonetheless, the paragraph had been withheld until finally released on March 18, 2011.  These apparently inconsistent classification markings suggest a propensity for unjustified classification—even after allegedly careful declassification review—and reinforce the need for careful *in camera* review of the government's withholdings.

Additionally, there is also strong evidence that OLC 129, one of the reprocessed yet unreleased OLC memos, is being improperly withheld.  *See* Def.'s Notice of Filing, Ex. 1, Mar. 21, 2011, ECF No. 54 ("OLC 129 and OLC 132 remain withheld in their entirety, as previously declared, under FOIA Exemptions One, Three, and Five.").  The government previously described the memo as "a nine-page memorandum, dated October 11, 2002, from a Deputy Assistant Attorney General in OLC to the Attorney General, prepared in response to a request for OLC's views concerning the legality of certain communications intelligence activities."  Second Bradbury Decl. ¶ 83(f).  The IG Report states that the memorandum "reiterated the same basic analysis contained in Yoo's November 2, 2001, memorandum."  IG Report at 13.  Despite the partial release of the Yoo memo, and despite the extensive discussion of the Yoo memo in the IG Report, the government continues to withhold OLC 129 in its entirety.  If that document truly

"reiterate[s] the same basis analysis" of the Yoo memo, the government cannot possibly justify its complete withholding.

Plaintiffs' focus on three specific documents in this filing is not meant to suggest that the other seven documents are properly withheld. The Court's *in camera* review should be conducted, as to all ten documents, with the skepticism that the known facts about these three documents show is necessary.

## Conclusion

For these reasons, the Court should now conduct its *in camera* review and order release of improperly withheld information in the ten OLC memoranda at issue.

April 8, 2011                                        Respectfully submitted,

 */s/ Arthur B. Spitzer*
Arthur B. Spitzer (DC Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, DC 20036
(202) 457-0800 (telephone)
(202) 452-1868 (facsimile)

 */s/ Alexander A. Abdo*
Alexander A. Abdo (pro hac vice)
Jameel Jaffer (pro hac vice)
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2517 (telephone)
(212) 549-2654 (facsimile)

Marc Rotenberg (DC Bar No. 422825)
John Verdi (DC Bar No. 495764)
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W., Suite 200
Washington, DC 20009
(202) 483-1140 (telephone)

*Counsel for Plaintiffs*